BRIAN J. BREITER, ESQ. #205102
brian@lawbreiter.com
TIMOTHY R. McCORMICK, ESQ. #212543
tim@lawbreiter.com
LAW OFFICES OF BRIAN J. BREITER, LLP
4929 Wilshire Boulevard, Suite 410
Los Angeles, California 90010-3818
Telephone: (323) 954-9955
Facsimile: (323) 954-0035

Attorneys for Plaintiff, JOHN CAPPA

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CAPPA,<br><br>        Plaintiff,<br>vs.<br><br>UNITED STATES BUREAU OF LAND MANAGEMENT; HAMMERKING PRODUCTIONS, INC.; and DOES 1 to 10,<br><br>        Defendants. | CASE NO.:<br><br>**COMPLAINT FOR NEGLIGENCE RESULTING IN PERSONAL INJURIES AND MONETARY DAMAGES; DEMAND FOR JURY TRIAL** |

     **COMES NOW** Plaintiff John Cappa by and through his attorneys, Law Offices of Brian J. Breiter, LLP, by Brian J. Breiter and Timothy R. McCormick, and for his cause of action against the Defendants herein, states and alleges as follows:

///

///

///

## I.  GENERAL ALLEGATIONS

1.  Plaintiff John Cappa ("CAPPA") brings this action under the Federal Tort Claims Act, 28 U.S.C. §§1346(b), 1402(b), 2401(b), and 2671-2680 ("FTCA"), against the United States Bureau of Land Management ("BLM"), and against California corporation Hammerking Productions, Inc. ("HAMMERKING"), for negligent acts and/or omissions resulting in serious injuries to his person.

2.  On February 7, 2019, at Johnson Valley (OHVRA), 45 feet east of Barnes Road, San Bernardino County, California, CAPPA was seriously injured when he was struck by a patrol vehicle driven by BLM officer Cole Duran while CAPPA attended the "King of the Hammers," an annual off-road racing event promoted and organized by HAMMERKING and held on land in San Bernardino County, California, pursuant to a special recreation permit with the BLM. Approximately 400 off-road racing teams compete in the King of the Hammers event, which draws approximately 60,000 spectators.

3.  On the aforementioned date at approximately 2:00 p.m., CAPPA was riding a 2002 Honda off-road motorcycle northbound on an unnamed dirt trail adjacent to Barnes Road.  Cole Duran, in the course and scope of his employment with BLM, was driving a BLM-owned 2018 Chevrolet Tahoe SUV southbound on Barnes Road.  Cole Duran, through lack of due care and inattention to his surroundings and other traffic, made a left turn off of Barnes Road and onto the adjacent unnamed dirt trail against the general flow of traffic, thereby colliding with CAPPA, who was proceeding straight, and seriously injuring him.

4.  HAMMERKING was responsible for directing, routing and controlling traffic at the location of the subject collision but failed to take reasonable precautions to avoid conflicts between vehicles on Barnes Road and off-road vehicles at the King of the Hammers event.

5. As a result of the aforementioned collision, CAPPA suffered debilitating left tibial plateau fracture and open tibial shaft fractures, as well as extensive soft tissue damage and scarring, and required multiple surgeries. He continues to suffer from pain, loss of function and mobility in his left lower extremity, necessitating continuing medical consultation and treatment. CAPPA'S injuries have caused him a significant loss of physical capacity, loss of enjoyment of life, and have negatively impacted him in his profession.

## II. JURISDICTION AND VENUE

6. BLM was served with an administrative claim pursuant to the FTCA on or around July 30, 2019. Plaintiff received an acknowledgement of the claim from BLM dated October 11, 2019, and a denial of the claim dated November 18, 2020 via certified mail.

7. This Court has jurisdiction over all causes of action asserted against the federal government pursuant to 28 U.S.C. §1346(b). Additionally, this Court has jurisdiction over all other claims pursuant to 28 U.S.C. §1367 because all of the claims arise from a common occurrence and nucleus of operative facts that are so intertwined that they cannot be reasonably separated.

8. Venue is proper pursuant to 28 U.S.C. §1402(b) because at all times relevant, the Plaintiff resided in this district and all of the wrongful acts and/or omissions complained of herein occurred in this judicial district.

## III. PARTIES

### A. Plaintiff

9. CAPPA, 49, is a natural person who was at all times relevant to this claim a resident of Santa Clarita, County of Los Angeles, California.

### B. Defendants

10. BLM is the federal government, who is the proper defendant pursuant to 28 U.S.C. §2679(b)(1) for claims for money damages arising from or out of a

COMPLAINT FOR NEGLIGENCE RESULTING IN PERSONAL INJURIES AND MONETARY DAMAGES; DEMAND FOR JURY TRIAL

negligent or wrongful act and/or omission of any federal employee committed within the course and scope of his/her employment. BLM helps administer, maintain and oversee certain public lands owned or in the possession of the United States.

11. HAMMERKING is a corporation organized under the laws of the State of California, with its principal place of business in Temecula, County of Riverside, California. HAMMERKING promotes and organizes an annual off-road racing event known as "King of the Hammers" on land in San Bernardino County, California, pursuant to a special recreation permit with the BLM.

## IV. CAUSE OF ACTION—NEGLIGENCE

### A. BLM

12. Paragraphs 1 to 11, above, are incorporated herein by reference.

13. CAPPA alleges that at all times relevant herein BLM employee Cole Duran acted negligently, inattentively, carelessly, recklessly, and/or unlawfully in the course and scope of his employment when he inattentively made a left turn off of the roadway, against the general flow of traffic, and collided with CAPPA, who was riding an off-road motorcycle on an adjacent trail.

14. At all times mentioned herein, BLM employee Cole Duran knew or should have known that there was vehicular traffic on the unnamed trail adjacent to Barnes Road and he was under a duty to use due care to avoid colliding with those vehicles. Despite this knowledge, Cole Duran failed to use the due care that a person of ordinary prudence would have under the circumstances. Further, it was reasonably foreseeable that an injury could occur if he failed to use due care while making a left turn off of Barnes Road and across the adjacent trail, especially in the midst of the King of Hammers off-road racing event, which caused traffic congestion at the location of the collision.

15. BLM is vicariously liable for the negligent conduct of its employee.

16. As a direct and legal cause of the wrongful acts and/or omissions of the BLM employee, CAPPA suffered the damages set forth herein above.

### B. HAMMERKING

17. CAPPA further alleges that HAMMERKING, a corporation in the business of promoting and organizing the King of the Hammers off-road racing event that CAPPA attended at the time of his injury, was responsible for directing, routing and controlling traffic at the location of the subject collision, but failed to take reasonable measures, including but not limited to barriers, signage, warnings, and physical traffic direction, to avoid conflicts between vehicles on Barnes Road and off-road vehicles at the King of the Hammers event.  HAMMERKING knew or should have known that failure to competently direct, route and control traffic at the event could result in injury or even death.  HAMMERKING failed to use the due care that a race promoter/organizer of ordinary prudence and experience would have under the circumstances.  It was reasonably foreseeable that injury could occur if adequate traffic controls were not put in place.

18. HAMMERKING is vicariously liable for the negligent conduct of its employees, if any, who were in charge of directing, routing and controlling traffic at the King of the Hammers event.

19. As a direct and legal cause of the wrongful acts and/or omissions of HAMMERKING, CAPPA suffered the damages set for the herein above.

### V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants as hereinafter set forth:

1. For compensatory and general damages for past and future physical and mental pain and suffering, physical impairment, inconvenience, grief, anxiety and emotional distress in an amount according to proof;

2. For special damages for past and future medical, incidental, and service expenses according to proof;

3. For special damages for past and future lost income and loss of earning capacity according to proof;

4. For pre- and post-judgment interest on all damages as allowed by the law;

5. For costs of suit incurred herein;

6. For attorney fees under existing law; and

7. For such further relief as the Court may deem just and proper.

## VI. CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: January 6, 2021

By: /s/ _____
BRIAN J. BREITER
TIMOTHY R. McCORMICK
Attorneys for Plaintiff

///
///
///

**VII.  JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 6, 2021                    By: ____/s/_____
                                              BRIAN J. BREITER
                                              TIMOTHY R. McCORMICK
                                              Attorneys for Plaintiff