TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Division
SARAH QUIST (Cal. Bar No. 288264)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-0609
    Facsimile: (213) 894-7819
    E-mail: sarah.quist@usdoj.gov

Attorneys for Defendant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JOHN CAPPA,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES; HAMMERKING PRODUCTIONS, INC.; and DOES 1 TO 10,<br><br>    Defendants. | No. 5:21-cv-00022-JGB-SHK<br><br>**Answer by Defendant United States of America to First Amended Complaint**<br><br>Honorable Jesus G. Bernal<br>United States District Judge |

Defendant United States of America ("Defendant"), by and through its undersigned attorneys, hereby responds to Plaintiff's First Amended Complaint as follows:

## I.   GENERAL ALLEGATIONS

1. The allegations in paragraph 1 are not statements of fact to which an answer is required. To the extent an answer is required, the United States admits that Plaintiff alleges a claim for negligent acts under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq., and names the United States and Hammerking Productions Inc. as defendants. The United States denies the remaining allegations.

2. The United States admits that there was a collision between Plaintiff and a vehicle driven by Bureau of Land Management ("BLM") Law Enforcement Officer Cole Duran on February 7, 2019, in the Johnson Valley Off-Highway Vehicle Recreation Area, San Bernardino County, California, during the 2019 King of Hammers desert race event, and BLM issued a Special Recreation Permit to Hammerking Productions, Inc. The United States denies the remaining allegations.

3. The United States admits that Cole Duran, a BLM employee, was driving a 2018 Chevrolet Tahoe SUV owned by the United States, Plaintiff collided with him while riding a 2002 Honda XR-400 dirt bike, and Plaintiff was injured. The United States denies the remaining allegations.

4. The United States avers that Hammerking admits it was responsible for directing, routing, and controlling traffic for the "King of the Hammers." The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 and, on that basis, denies the allegations.

5. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and, on that basis, denies the allegations.

## II.   JURISDICTION AND VENUE

6. The allegations in paragraph 6 are not statements of fact to which an answer

is required. To the extent an answer is required, the United States admits that BLM received an administrative claim from Plaintiff, the United States acknowledged receipt of the administrative claim in a letter dated October 11, 2019, and the United States denied the administrative claim.

7. The allegations in paragraph 7 are not statements of fact to which an answer is required. To the extent an answer is required, the United States admits that Plaintiff alleges a claim for negligent acts under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq.

8. The allegations in paragraph 8 are not statements of fact to which an answer is required. To the extent an answer is required, the United States admits that the Johnson Valley Off Highway Vehicle Recreation Area is located within the United States District Court for the Central District of California. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 and, on that basis, denies.

### III.  PARTIES

**A.  Plaintiff**

9. The allegations in paragraph 9 are Plaintiff's characterization of a party in this action to which no answer is required. To the extent an answer is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and, on that basis, denies.

**B.  Defendants**

10. The allegations in paragraph 10 are Plaintiff's characterization of a party in this action to which no answer is required. To the extent an answer is required, the United States admits that BLM is a bureau of the U.S. Department of the Interior, which is an agency of the United States and that BLM helps administer, maintain, and oversee certain public lands owned by the United States. The United States denies the remaining allegations.

11. The allegations in paragraph 11 are Plaintiff's characterization of a party in

this action to which no answer is required.  To the extent an answer is required, the United States admits that Defendant Hammerking holds an off-road racing event known as "King of the Hammers" on land in San Bernardino County, California, and BLM issued a Special Recreation Permit to Hammerking.

### IV.     CAUSE OF ACTION – NEGLIGENCE

**A.     United States**

12.     The United States incorporates by reference its responses to paragraphs 1-11.

13.     The United States admits that Cole Duran is a BLM employee.  The United States denies the remaining allegations in paragraph 13.

14.     The United States admits that Cole Duran is a BLM employee.  The United States denies the remaining allegations in paragraph 14.

15.     The United States denies the allegations in paragraph 15.

16.     The United States denies the allegations in paragraph 16.

**B.     Hammerking Productions, Inc.**

17.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and, on that basis, denies the allegations.

18.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and, on that basis, denies the allegations.

19.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and, on that basis, denies the allegations.

### V.     PRAYER FOR RELIEF

20.     The United States denies the allegations in the paragraphs which constitute Plaintiff's prayer for relief.

## VI. CERTIFICATION

21. The allegations in paragraph 21 are not statements of fact to which an answer is required.

## VII. JURY DEMAND

22. The United States denies that Plaintiff has a right to a jury trial under the Federal Tort Claims Act. 28 U.S.C. § 2402.

23. Any allegations to which a response is deemed necessary and which have not been specifically admitted, denied, or otherwise responded to herein, are hereby denied.

## DEFENSES

### FIRST DEFENSE

1. The plaintiff is barred from bringing any claim over which the Court lacks subject matter jurisdiction.

### SECOND DEFENSE

2. To the extent the complaint fails to state a claim upon which relief can be granted, the plaintiff's claim must be dismissed.

### THIRD DEFENSE

3. To the extent the plaintiff's claim is barred by the statute of limitations or plaintiff failed to timely exhaust his administrative remedies, they must be dismissed.

### FOURTH DEFENSE

4. The United States, through its employees, servants, and agents, acted with due care and diligence at all relevant times and violated no duty that was owed to Plaintiff.

### FIFTH DEFENSE

5. The injuries and damages alleged in the Complaint were not proximately caused or contributed to by any negligent or wrongful act or omission of any employee of the Federal Defendants. 28 U.S.C. §1346(b).

## SIXTH DEFENSE

6. In the event that the negligence or misconduct of the plaintiff or third parties was the cause of or contributed to the alleged injuries or damages sustained, any recovery by the plaintiff must be proportionately reduced.

## SEVENTH DEFENSE

7. To the extent that the plaintiff's alleged damages were caused in whole or in part by the negligence of parties other than the United States, and should the United States be found in any way liable in this matter, the United States' liability for the plaintiff's non-economic damages should be allocated to the United States in proportion to the United States' percentage of fault, if any.

## EIGHTH DEFENSE

8. The United States is not liable for any pre-existing, intervening, or superseding occurrences that caused or compounded any injuries suffered by the plaintiff.

## NINTH DEFENSE

9. The United States is not liable for any injuries or damages that the plaintiff failed to reasonably mitigate.

## TENTH DEFENSE

10. Plaintiff's injuries, if any, were caused by his own actions or omissions, including his failure to exercise ordinary, reasonable care for his own safety.

## ELEVENTH DEFENSE

11. Plaintiff assumed the risk of any injuries or damages.

## TWELFTH DEFENSE

12. The plaintiff's damages, if any, must be offset by any benefits provided to the plaintiff by the United States or funded by the United States through any other entity.

## THIRTEENTH DEFENSE

13. The plaintiff's damages, if any, must be reduced by any collateral source, as permitted by law.

## FOURTEENTH DEFENSE

14. To the extent the plaintiff's claim is barred by 28 U.S.C. § 2675(a), they must be dismissed.

## FIFTEENTH DEFENSE

15. Plaintiff's recovery, if any, is limited to the amount claimed administratively under the Federal Tort Claims Act. 28 U.S.C. §2675(b).

## SIXTEENTH DEFENSE

16. To the extent that Plaintiff alleges negligence or fault on the part of anyone who is not an employee of the United States acting within the scope of their employment, or who were independent contractors, this Court lacks jurisdiction over the United States.

## SEVENTEENTH DEFENSE

17. The plaintiff cannot recover attorney's fees from the United States in this case under 28 U.S.C. § 2412(d)(1)(A).

## EIGHTEENTH DEFENSE

18. Attorney's fees must be taken out of any judgment or settlement and may not exceed 25 percent of that amount under 28 U.S.C. § 2678.

## NINETEENTH DEFENSE

19. To the extent the United States has not waived sovereign immunity for the plaintiff's claim, the Court lacks subject matter jurisdiction.

## TWENTIETH DEFENSE

20. The United States is not responsible for Plaintiff's harm to the extent his harm resulted from his entry on or use of the United States's property for a recreational purpose.

## TWENTY-FIRST DEFENSE

21. Plaintiff's damages, if any, are limited by California Civil Code section 3333.4.

**TWENTY-SECOND DEFENSE**

22. Plaintiff is not entitled to either prejudgment or post judgment interest. 28 U.S.C. § 2674; 31 U.S.C. § 1304.

**WHEREFORE**, Defendant prays for a judgment as follows:

1. That judgment be entered for the Defendant against the plaintiff;
2. That Defendant be awarded its costs and disbursements in this action; and
3. That Defendant be awarded other relief as this Court deems appropriate.

Dated: July 12, 2021

TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Division

/s/ *Sarah Quist*
SARAH QUIST
Assistant United States Attorney

Attorneys for Defendant
UNITED STATES OF AMERICA